IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NGONO ANDRE MARIE,

      Petitioner,

v.

T. JOHNS,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-21

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ngono Marie ("Marie"), who is housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at D. Ray James Correctional Facility in Folkston, Georgia. Doc. 1. Marie also filed a Motion for Award of Additional Credit. Doc. 7. Respondent filed a Motion to Dismiss, and Marie filed a Response. Docs. 10, 12. Respondent filed a Reply. Doc. 13. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Marie's Petition, and **DENY as moot** Marie's Motion. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Marie *in forma pauperis* status on appeal.

## BACKGROUND

Marie filed his Petition on March 11, 2019. Doc. 1. In his Petition, Marie contends 54 days' good conduct time was "unlawfully forfeited" stemming from disciplinary proceedings while he was housed at the Metropolitan Detention Center in Brooklyn, New York. Id. at 1, 3.

As a result, Marie asserts he has a projected release date of November 28, 2019, which exceeds his statutory satisfaction date of October 12, 2019.  Id. at 2.  Marie asks that the 54 days of forfeited time be restored and that this Court declare his filing a habeas petition does not foreclose his civil claims for personal injury.  Id. at 4.  Marie also filed a Motion requesting to have an additional seven days' good conduct time credited against his federal sentence for each year he was sentenced, for a total of 28 additional days, under the First Step Act.  Doc. 7.

Respondent filed a Motion to Dismiss, claiming the Bureau of Prisons ("BOP") has expunged Marie's record and restored Marie's good conduct time, resulting in his release date being scheduled for October 12, 2019.  Doc. 10 at 1; Doc. 10-1 at 3, 21.  Thus, Respondent asserts Marie's Petition is moot and should be dismissed because the BOP has granted his requested relief.  Doc. 1 at 2–3.  In addition, Respondent contends Marie's Motion requesting relief under the First Step Act is unrelated to the contentions raised in his Petition, and the First Step Act provision under which Marie seeks relief was not yet effective at the time he filed his Motion.  Even if this provision were effective at the time, Respondent maintains Marie's Motion would be subject to dismissal as unexhausted.  Id. at 4–5.

In his Response to the Motion to Dismiss, Marie reiterates his requested relief.  Doc. 12 at 2–4.  However, Marie avers he received partial relief, as he only had 47 days' good conduct time restored, and a real controversy remains.  Id. at 5, 6.  Marie asserts that his release date would have been October 4, 2019 had he received credit for all 54 days.  Id. at 6.  What is more, Marie stated he would have been released on September 14, 2019 under the First Step Act.  Id. at 7.

Respondent states the BOP restored 54 days' good conduct time to Marie, and the BOP correctly calculated his projected release date.  Doc. 13 at 1.  However, Respondent notes there is

2

a difference between time actually served and the length of sentence, which results in proration. This proration, Respondent submits, amounts to 47 days Marie will actually serve and a change in his projected release date of 47 days. Id. at 2. In addition, Respondent contends Marie's projected release date has been adjusted further since Respondent filed his Motion to Dismiss, and Marie's projected release date was set for September 20, 2019.[1]  Id.

## DISCUSSION

I.   **Whether Marie's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was

---

[1] Indeed, Marie was released from the BOP's custody on September 20, 2019. https://www.bop.gov/inmateloc/, search for Number 77244-054, Andre Marie Ngono, last accessed Nov. 12, 2019.

filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

The BOP expunged the challenged incident reports and restored all 54 days of Marie's lost good conduct time. Doc. 10-1 at 3, 22; Doc. 13 at 1–2. In addition, Marie received benefit of the First Step Act's additional seven days' credit, which advanced his scheduled release date from October 12, 2019 to September 20, 2019. Doc. 13 at 2; Doc. 13-1 at 2. As Marie only requests the reinstatement of lost good-conduct time and an additional seven days' credit under the First Step Act, which has occurred, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Marie's Petition for Writ of Habeas Corpus and his Motion for Additional Credit.[2]

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Marie leave to appeal *in forma pauperis*. Though Marie has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

---

[2]     The Court notes Marie also seeks a declaration that the filing of his § 2241 Petition does not foreclose his pursuit of a civil case against the BOP. Doc. 1 at 4. However, this Court cannot provide Marie with this relief, as only the court in which Marie pursues his civil case can determine whether Marie's suit is allowed to proceed.

standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Marie *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Marie's Petition and Motion, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Marie leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity

requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Marie and Respondent.

    **SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA